EMMA B. SARGENT v. MARY CORBLEY ET AL.

1. COURT MAY IN ITS DISCRETION WAIVE ITS OWN RULES.

Rules of court are not principles of law, but are of the court's own making; hence, if the court, for reasons satisfactory to itself, sees fit to break or waive them, such action cannot be charged to it as an abuse of discretion.

2. OTHER THINGS BEING EQUAL, THE COURT WILL APPOINT AS ADMINISTRATOR THE ONE DESIRED BY THE BENEFICIARIES.

In the appointment of an administrator of a decedent's estate, the court will, as between parties otherwise equally well qualified, select the one possessing the confidence of, and desired by the larger number of the beneficiaries.

3. APPOINTMENT OF ADMINISTRATOR WILL NOT BE SET ASIDE BECAUSE REVIEWING COURT MIGHT HAVE MADE OTHER SELECTION.

The appointment of an administrator will not be set aside merely because the appellate court might have made a different selection, in the absence of proof that the appointee was so unsuitable as to warrant the presumption that there was an abuse of discretion.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Stricker & Johnson,** for plaintiff:

The uncontradicted proof shows that Emma B. Sargent was "a suitable person" to be appointed as administratrix within the meaning of

Hamilton County.

Rev. Stat. 6005 (Lan. 9544). *Todhunter* v. *Stewart,* 39 Ohio St. 181; *Schumacher* v. *McCallip,* 69 Ohio St. 500 [69 N. E. Rep. 986].

Mary Corbley and William Sargent were not "suitable for the discharge of the trust" within the meaning of the statute. *Osborn* v. *Bank of United States,* 22 U. S. (9 Wheat.) 738 [6 L. Ed. 204]; *Rex* v. *Wilkes,* 4 Burr. 2527; *Peters* v. *Public Administrator,* 1 Bradf. 200; *State* v. *Johnson,* 105 Wis. 164 [83 N. W. Rep. 320].

**W. A. Hicks,** for defendant.

**JELKE, J.**

This matter came on for hearing in the probate court of Hamilton county, for the appointment of an administrator of Rebecca J. Griffin, deceased. It came on primarily upon the application of E. J. Hiatt and W. A. Hicks, and also on the application of Emma B. Sargent, and subsequently upon the application of Mary Corbley and William B. Sargent. After considerable controversy, the record of which is brought up by a bill of exceptions, the application of Messrs. Hiatt and Hicks was withdrawn, and the application of Emma B. Sargent rejected, and Mary B. Corbley and William B. Sargent were appointed by said court as administratrix and administrator jointly of said estate.

Error was prosecuted to the order of the probate court in the court of common pleas, where said order was affirmed.

Error is now further prosecuted in this court to such order of appointment.

It appears from the record that Emma B. Sargent, Mary Corbley and William B. Sargent are all next of kin of the decedent, Rebecca J. Griffin, and on an equal footing of kinship as to their right to administer under Rev. Stat. 6005 (Lan. 9544).

On the question of suitability of the respective applicants, it is now charged that there was a gross abuse of discretion upon the part of the court in selecting the persons appointed. As to Emma B. Sargent, so far as the record discloses, she was and is in every respect an eminently qualified and suitable person. The only ground of discrimination to be found against her in the record is the fact that the interest which she represented was quite small in comparison with the interests represented by the other applicants, and the fact that the other applicants who were largely interested in the administration of the estate did not want her appointed.

The objection urged to Mary Corbley was that she was aged and therefore unfit to perform the duties of administratrix.

The objection urged to William B. Sargent was that he was not a

Sargent v. Corbley.

resident of Hamilton county, but of Clermont county, and his appointment would violate one of the rules of the probate court.

The attitude of these latter parties, Mary Corbley and William B. Sargent was that they themselves did not particularly desire the appointment, but rather than have Emma B. Sargent appointed they would stand upon the legal right given them by Rev. Stat. 6005 (Lan. 9544), and ask for the appointment.

Emma B. Sargent and her counsel evidently experienced acute feelings of disappointment in the action of the court. It may be that another judge, on the same showing disclosed in the record, would have acted differently; but it is better that one appointed to a place of responsibility and trust should not only have the capacity and qualifications for the performance of the duty of the trust, but should also enjoy the confidence of the beneficiaries of the trust and of those interested therein. While this consideration is far from controlling, it is a matter which may well be entertained by a court in the exercise of its discretion in the matter of such appointment. The rule of the probate court is not a principle of law, but a rule of the court's own making for the expedient transaction and dispatch of business in said court, and if said court, for reasons satisfactory to itself, sees fit to break or waive such rule, it is not to be charged to it as an abuse of discretion. The appointment as made is clearly within the provision of the law, and is not so unsuitable as to justify the charge of gross abuse of discretion.

We are therefore of the opinion that the judgment of the court of common pleas should be affirmed.

**Swing** and **Giffen, JJ.,** concur.